David TAYLOR, Jr., Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1944.

United States Court of Veterans Appeals.

April 7, 1993.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran David Taylor, Jr., appeals from a July 11, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for an acquired psychiatric disorder. *David Taylor, Jr.*, BVA 91–21073 (July 11, 1991). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Summary disposition is appropriate here because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). For the reasons set forth below, the Secretary's motion will be denied and the Board's decision will be vacated and the matter remanded for readjudication.

. The veteran served in the United States Army from April to October 1964, in the United States Marine Corps from April to June 1968, and again in the Army from August 1969 to March 1971. R. at 3, 151. An in-service psychiatric evaluation performed in May 1968 revealed "no evidence of neurosis or psychosis". R. at 60. Service medical records indicate that in November 1969 the veteran sought treatment, complaining of lightheadedness, anorexia, insomnia, and a dry mouth. Examiners recorded the following impressions at various times: "anxiety [with] hyperventilation", "anxiety reaction [illegible] passive dependent personality", "severe depression reaction [illegible]", and "[a]dult situational reaction manifested by anxiety, depression [secondary] to being in Germany". R. at 38, 40, 43, 63. A January 1970 examination report noted "Depression, amnexia [sic], [and] nervous trouble" and referred to an "attached psychiatric evaluation" that does not appear in the record on appeal. R. at 27.

The veteran's claimed psychiatric disability has been the subject of numerous, and conflicting, post-service diagnoses. A February 1972 Veterans' Administration (now

Department of Veterans Affairs) (VA) examination yielded a diagnosis of "Chr[onic] anxiety reaction" (R. at 85), a May 1972 VA hospitalization report gave a diagnosis of "Inadequate personality, type undetermined" (R. at 88), and an August 1972 VA psychiatric examination resulted in a diagnosis of "Personality Disorder, Passive Aggressive, Passive Dependent type—[with] Drug abuse" (R. at 93). In December 1973, Dr. H.A. Sims, a private psychiatrist, examined the veteran and gave a diagnosis of, inter alia, "Psychoneurosis, Hypochondriacal, Dissociative Manifestations, Moderately Severe". R. at 144. A December 1974 VA psychiatric consultation report contained an impression identical to the August 1972 diagnosis (R. at 104), but a March 1975 VA hospitalization report diagnosed "Psychiatric disorder, type undetermined, probably anxiety neurosis, chronic" (R. at 110). A March 1980 report prepared by Dr. Sims yielded an impression of "Psychiatric disorder, type uncertain at this time". R. at 148. A VA neuropsychiatric examination performed in October of that same year contained a diagnosis of "Anxiety neurosis with tension headaches, mild". R. at 120. An October 1986 entry to the veteran's VA medical history states the following impressions: "Conversion (?)" and "Neuro[p]sychiatric disorder[,] type indeterminate". R. at 125. A VA psychiatric examination report dated the next month, however, gave a diagnosis of "personality disorder, passive agressive [sic], passive dependent". R. at 133. The report of a VA medical examination performed less than one month later recorded yet a different diagnosis: "Inadequate personality". R. at 128.

The veteran's claim for service connection for an acquired psychiatric condition was denied by a prior final BVA decision in February 1973. R. at 156–59. In August 1989, he attempted to reopen his claim. R. at 171. This resulted in the adverse BVA decision here on appeal.

■ Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). In considering claims to reopen previously and finally disallowed claims, the Board must first determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). Evidence is "new" if it is not "merely cumulative" of evidence already in the record; it is "material" if it is "relevant [to] and probative of the issue at hand" and there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones (McArthur) v. Derwinski*, 1 Vet. App. 210, 213 (1991); *Colvin, supra.*

■ In its decision, the Board found that the evidence submitted by the veteran subsequent to the Board's February 1973 decision was neither new nor material. The Board stated in pertinent part:

At most the additional evidence presented in this case is only cumulative. The evidence previously of record showed that the veteran had some psychiatric symptoms during service, but that subsequent medical records demonstrated that he had a personality disorder. The new evidence showed nothing more.

*Taylor*, BVA 91–21073, at 5. Pursuant to 38 C.F.R. § 4.127 (1992), personality disorders "will not be considered as disabilities under the terms of the schedule [of ratings]." *See also* 38 C.F.R. § 3.303(c) (1992) ("Congenital or developmental defects, ... personality disorders and mental deficiency as such are not diseases or injuries within the meaning of applicable legislation.").

The evidence submitted subsequent to the Board's February 1973 decision includes, inter alia, the March 1975 and October 1980 VA examination reports diagnosing anxiety neurosis, as well as the report

of a July 1990 VA examination which noted "mod[erate] paranoia" and yielded a diagnosis of "Major depression with [psych]otic features". R. at 136. Because these VA examination reports provide diagnoses of the veteran's condition that were not considered at the time of the prior final disallowance of the veteran's claim, the Court holds that this evidence is "new".

The "new" evidence is material because it is "relevant [to] and probative of" the issue of whether the veteran presently suffers from a ratable nervous condition, and, viewing it in the context of all the evidence, including the in-service findings of depression and anxiety (R. at 27, 38, 43, 63), and taking into account the benefit-of-the-doubt doctrine in 38 U.S.C.A. § 5107(b) (West 1991), it creates a reasonable possibility of changing the outcome. *See Colvin, supra* (in determining reasonable possibility of a changed outcome, benefit-of-the-doubt doctrine should be considered). Therefore, the Board was required to reopen the claim and to readjudicate it on the basis of all the evidence, both old and new, and to provide an adequate statement of reasons or bases for its conclusions, including its determinations as to the credibility and probative value of the evidence supporting the appellant's claim. The Court will thus remand the matter for the Board to carry out such readjudication.

■ In view of the conflicting medical diagnoses in the record, the Court holds that in this case the Board's duty to assist under 38 U.S.C.A. § 5107(a) (West 1991), following the submission, as here, of a well-grounded claim, "includes the conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one." *Green (Victor) v. Derwinski,* 1 Vet.App. 121, 123–24 (1991); *see* 38 C.F.R. § 4.1 (1992) (examiner must view disability in relation to its history); 38 C.F.R. § 4.2 (1992) (rating specialists must reconcile "various [medical examination] reports into a consistent picture", and examination reports containing insufficient detail must be returned as inadequate for rating purposes). With respect to the psychiatric evaluation referenced in the January 1970 examination report, the Court holds that the Board, pursuant to its statutory duty to assist, must seek to obtain and, if obtained, consider that report and discuss it in its decision.

■ Finally, in light of the appellant's in-service diagnosis of a personality disorder and the subsequent diagnosis of "[m]ajor depression with [psych]otic features", on remand the Board must address the applicability of 38 C.F.R. § 4.127, which provides that "properly diagnosed superimposed psychotic disorders developing after enlistment, i.e., ... personality disorders with psychotic disorder, are to be considered as disabilities analogous to, and ratable as, schizophrenia, unless otherwise diagnosed." 38 C.F.R. § 4.127 (1992).

Upon consideration of the record and the pleadings of the parties, the Court denies the Secretary's motion for summary affirmance, summarily vacates the July 11, 1991, BVA decision, and remands the matter for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and prompt issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C.A. § 7104(a), (d)(1) (West 1991); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). "On remand, the appellant will be free to submit additional evidence and argument". *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board decision on remand. Within 14 days after any such final decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.