**Victor G. GREEN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–108.**

United States Court of Veterans Appeals.

Submitted Sept. 7, 1990.

Decided Jan. 18, 1991.

Rick Surratt (non-attorney practitioner), for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Jacqueline E. Monroe, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Associate Judges.

FARLEY, Associate Judge:

This appeal presents two issues for review: the denial of service connection for the veteran's current psychotic condition and the denial of service connection for the residuals of poliomyelitis. We affirm as to the former; we vacate as to the latter and remand the matter for further action.

The veteran challenges the denial of service connection for his current psychotic condition. The Board of Veterans' Appeals (BVA) upheld the denial on the grounds that no psychotic disorders were demonstrated in service and it was not until several years after service that psychophysiologic nervous system reaction, conversion hysteria and psychotic depression were first demonstrated. Upon consideration of the record and the briefs of the parties, it is the holding of the Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal of the denial of service connection for the veteran's current psychotic condition. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary affirmance of the Board's decision on this issue is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

## II.

The second issue concerns the denial of service connection for the residuals of poliomyelitis. The veteran's military records reflect that he was diagnosed as having poliomyelitis in 1947 while in service. In addition to back and neck problems, the service treatment record contains referenc-

es to "weakness present in triceps, hamstrings & quadriceps bilat[erally], esp. on rt." (R. at 35) and "only poor to fair strength in all muscles of both upper and lower extremes [sic]" (R. at 36). A neurologic evaluation by the then Veteran's Administration of the veteran on January 15, 1988, yielded objective findings that the veteran's "left leg was smaller than the right"; he "walks with a limpic [sic] type of gait, favoring the left lower extremity which is somewhat wasted from the knee down"; "muscle strength is diminished"; and "[d]eep tendon reflexes are diminished bilaterally." R. at 161. The veteran claims that his current left leg problems are residuals from his 1947 polio.

### A.

In affirming the denial of his claim, the BVA made a *"de novo* determination." *Victor G. Green,* loc. no. 926493, at 2 (BVA Sept. 28, 1989). The Board decided that "Chronic poliomyelitis was not incurred in or aggravated by service. (38 U.S.C. 310, 331; 38 C.F.R. 3.303)". *Id. at 7.* This "conclusion of law", which is actually a factual finding, may well be correct, but it does not resolve the issue raised by the veteran in this appeal. The veteran's argument is that his current left leg disability is a residual of the illness contracted in service and diagnosed as polio in 1947, irrespective of whether that polio is now deemed to have been chronic or acute. It would thus appear that the operative regulation is not 38 C.F.R. § 3.303 (1989), which governs chronic diseases, but 38 C.F.R. § 3.310 (1989) which provides: "Disability which is proximately due to or the result of a service-connected disease or injury shall be service connected."

One searches the September 28, 1989, BVA decision in vain for any discussion or conclusion on the question whether the veteran's current disability, which is well documented, is service-connected, i.e., whether it resulted from the polio diagnosed in 1947. Apparently referring to the January 15, 1988, evaluation, the BVA commented that: "A recent Veterans [sic] Administration neurologic examination also did not demonstrate chronic residuals of polio." *Victor G. Green,* loc. no. 926493, at 7 (BVA Sept. 28, 1989). However, a review of the report of the neurologic examination relied upon by the BVA raises more questions than it answers.

The report contains the following "IMPRESSION: History of pylomyelitis [sic] in 1947. The patient still has some diminished muscle strength in the left lower extremity and ambulates with the help of a cane." R. at 150. The report goes on to note: "There are some elements on the neurologic examination that are somewhat questionable and not entirely compatible with the diagnosis of polio." *Id.* It suggests that further review of the veteran's hospital records might "clarify the diagnostic doubt" and that, if such doubt remains after the record review, "additional diagnostic studies might be helpful." *Id.*

In our view, the statement that some elements "are not entirely compatible with the diagnosis of polio," in the absence of any further explanation or amplification, necessarily raises the implication that other elements were substantially compatible with such a diagnosis. Moreover, a report which notes that the veteran "still" has diminished muscle strength, confesses "diagnostic doubt" and suggests further record review and diagnostic studies is equivocal at best and, standing alone, cannot fairly support the conclusion that this veteran's left leg disability did not result from the polio diagnosed in 1947. This is particularly true where, as here, there need only be "an approximate balance of positive and negative evidence" for the claimant to prevail. 38 U.S.C. § 3007(b) (1988); *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

It is equally impossible to square the Secretary's duty to assist a claimant under 38 U.S.C. § 3007(a) (1988) with the Department of Veterans Affairs' (VA) failure to follow up the suggestion by the examining physician that a review of the veteran's records "might help clarify the diagnostic doubt" and that additional diagnostic studies might be in order if such doubt remains. Indeed, VA adjudication regulations and

guidelines provide that "if the [examination] report does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes." 38 C.F.R. § 4.2 (1989); *see also* VA Adjudication Procedure Manual, M21–1, § 55.03. We believe that fulfillment of the statutory duty to assist here includes the conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one. *Littke v. Derwinski*, 1 Vet. App. 90, 92 (1990). In *Littke*, this Court held: "Where, as here, the record before the BVA was inadequate, remand is required" to the Regional Office pursuant to 38 C.F.R. § 19.182(a) (1989). At 93; *cf. Akles v. Derwinski*, 1 Vet.App. 118, 118–119 (1991). That is also the case here.

Moreover, while the Board did comply with 38 U.S.C. § 4004(d)(1) (1988) by providing the "reasons or bases" for its conclusion that the veteran did not contract chronic poliomyelitis while in service, there must be a decision on the issue whether the veteran's current left leg disability is due to the 1947 illness and there also must be a statement of the "reasons or bases" for the decision on that issue. 38 U.S.C. § 4004(d)(1) (1988); *see Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *Murphy v. Derwinski*, 1 Vet.App. 78 (1990). Similarly, in light of the implication of compatibility with polio and the "diagnostic doubt" raised by the examining VA physician, the rote recitation by the Board that the "evidence does not raise a reasonable doubt" is an inadequate statement of the reasons or bases for concluding that the veteran is not entitled to the benefit of the doubt under 38 U.S.C. § 3007(b) (1988).

### B.

■ We cannot help but note that the appellant, through his representative, leapt into the vacuum created by the "diagnostic doubt" evidenced by the VA examining physician, adopted the role of an examining physician, and in his brief presented this Court with his own "diagnosis" of "postpolio syndrome" which he supported by an excerpt from the medical literature. Br. of Appellant at 14 and Appendix B; *see also* The Washington Post, Jan. 1, 1991, at A6, col. 1. While appellant's self-diagnosis may well provide an acceptable explanation for the veteran's current condition, it is not something which this Court is permitted to address in the first instance because it was not in the record of the proceedings before the Board. 38 U.S.C. § 4052(b) 1988; *see Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990). Rather, such a diagnosis, assuming that it can be presented by a qualified physician and supported by a physical examination or appropriate authority, must be submitted to the Board, either initially, or as part of a request for reconsideration, or on a remand from this Court. Of course, it could also form the basis for an initial claim filed with the Regional Office or, in appropriate circumstances, serve as new and material evidence in support of a request that a claim be reopened. *Id.* at 22

### CONCLUSION

As this Court held in *Sammarco v. Derwinski*, 1 Vet.App. 111, 113 (1991): "Whether the BVA's ultimate conclusions are correct or not, we hold that the incomplete nature of the decision below does not permit proper review by this Court." For this reason, we must remand the matter to give the Secretary the opportunity to assist the claimant by gathering additional evidence, including an examination by a physician who has reviewed the claimant's medical records, to consider any additional medical opinions or diagnostic studies which the veteran might offer or which the Secretary might secure, to resolve the unresolved issue with respect to the veteran's current left leg disability and to provide "reasons or bases" for its findings and conclusions as required by 38 U.S.C. § 4004(d)(1). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Accordingly, the decision of the Board af-

firming the denial of service connection for the veteran's current psychotic condition is AFFIRMED; the decision affirming the denial of service connection for the residuals of poliomyelitis is VACATED and that matter is REMANDED for further action consistent with this opinion.

*It is so Ordered.*