James B. VOYLES, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1427.

United States Court of Veterans Appeals.

Sept. 1, 1993.

452

Murrey L. Grider, Pocahontas, AR, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Sara B. Lake, Washington, DC, for appellee.

Before MANKIN, HOLDAWAY and STEINBERG, Judges.

MANKIN, Judge:

Appellant appeals a June 10, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied an increased rating for residuals of a left femur fracture, currently evaluated as 10% disabling, and an increased rating for residuals of a compression fracture at L1 and spondylolisthesis at L5–S1, currently evaluated as 10% disabling.

## I. FACTS

Appellant had active service from June 1948 to July 1954, and from October 1954 to January 1960. In July 1950, appellant was involved in a serious automobile accident and sustained, among other injuries, an injury to his lumbar spine. He was eventually granted service connection for residuals of a left femur fracture and residuals of a compression fracture at L1 and spondylolisthesis at L5–S1. In March 1968, the BVA denied appellant's claim to increase his rating from 10% for each of these service-connected disabilities. In June 1976, the BVA denied appellant's claims for, inter alia, an increased rating for left femur fracture, compression fracture of appellant's lumbar vertebrae, and

spondylolisthesis. In addition, the Board denied a total rating based on individual unemployability due to his service-connected disabilities.

In April 1989, appellant submitted to a Department of Veterans Affairs (VA) medical examination of his lower back, neck, shoulder, left hip, and neck. The examining physician noted mild pain when appellant reached the limits of motion and when he lifted objects. Appellant walked with a slight limp and did not use an aid. No atrophy was detected. The diagnosis was "status p[ost] fracture left hip with mild degenerative changes." An x-ray of appellant's spine revealed decreased density, minimal compression deformities, and first degree spondylolisthesis at L5–S1. In April 1989, the regional office (RO) denied appellant's claim for increased evaluations for his service-connected disabilities.

In February 1990, a personal hearing was held at the RO. Appellant gave sworn testimony that he experienced pain extending from his lower back, to his left leg, and down to his ankle. He stated that the pain interfered with his breathing and prevented him from lifting. Appellant testified that during the previous year he had experienced about four episodes of severe back spasms. He also stated that he currently experienced constant low back pain, which increased with prolonged sitting or standing, and that, although he was able to bend his back, he had difficulty straightening back up. Appellant was fitted with a corset brace which he customarily wore "from time to time" when his back ached.

In March 1990, appellant was examined by a VA orthopedist. He complained of constant lower back pain which radiated down his left lower extremity. The physician noted that appellant walked without a limp and without assistive devices. Active flexion of the lumbar spine was ninety degrees. He was able to bend at the waist twenty degrees to the left and right. Active flexion of the hips was one hundred degrees, with complete extension of both hips. In November 1990, appellant sought an independent evaluation from Edmund LaCour, M.D. A medical examination re-

port reflects complaints of increasing back pain due to lifting and strenuous activity. Appellant reported constant pain in his left thigh. Dr. LaCour observed that his gait was punctuated with a "very mild limp" favoring the left leg. Flexion of the back was normal and extension was only mildly reduced. When appellant bent forward at the waist, he was able to touch just below the knee bilaterally. There was prominent muscle spasm and tenderness in the para-lumbar musculature at the L4–L5 area, particularly on the left side. Dr. LaCour's assessment was: (1) cervical spondylosis and (2) "low back pain with occasional radiation into the lower extremity. The patient may have nerve root compromise on the left or possibly have a recurring pyriformis syndrome."

## II. ANALYSIS

In its decision now on appeal, the BVA found that during the 1990 VA examination, appellant's hips exhibited flexion to one hundred degrees with complete extension, and that he could flex the lumbar spine forward to ninety degrees out of ninety five degrees. Based upon these factual findings, the BVA concluded that appellant did not meet the schedular requirements for ratings in excess of 10% for each of his service-connected disabilities. In light of the frequent references in the record to the veteran's complaints of pain, and despite his failure to raise the issue of the applicability of regulations related to pain, the BVA was required to consider the applicability of 38 C.F.R. § 4.40 (1992) and § 4.45(f) (1992). *See Quarles v. Derwinski*, 3 Vet.App. 129, 139 (1992); *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 167 (1991); *see also Douglas v. Derwinski*, 2 Vet.App. 435, 438–40 (1992) (en banc). Section 4.40 states, in pertinent part, that it is "essential that the examination on which ratings are based adequately portray ... the functional loss" affecting the parts of the body subject to the disability. 38 C.F.R. § 4.40. The regulation further provides that functional loss may be due to "pain, supported by adequate pathology and evidenced by the visible behavior of the

claimant" and that a part of the musculo-skeletal system "which becomes painful on use must be regarded as seriously disabled." *Id.* In addition, 38 C.F.R. § 4.45(f) states that in order to determine the factors causing disability of the joints, which includes the lumbar spine, the inquiry must be directed toward, inter alia, "[p]ain on movement." Thus, in this case, it was necessary for the BVA to address both the existence and extent of appellant's pain, as well as any limitation of motion due to his service-connected disabilities. Under the regulations, the "functional loss due to pain is to be rated at the same level as the functional loss where flexion is impeded." *Schafrath*, 1 Vet.App. at 592.

The Board's decision fails to consider or discuss how regulations 4.40 and 4.45(f) apply to the facts presented in this case. Although appellant's complaints of pain appear throughout the record, including his sworn testimony in 1990 that he experienced constant back pain, the Board failed to mention the extent of any functional loss due to pain with regard to his service-connected disabilities. While the reports of the March 1990 VA examination and the November 1990 examination by Dr. LaCour noted the veteran's complaints of pain, they did not discuss the impact of any pain on the functional loss in appellant's low back and hip. In its decision the Board specifically noted the limitation of motion found during the March 1990 VA examination; however, it failed to make any findings as to the extent of appellant's pain on motion. Thus, not only did the Board fail to analyze the effect of his pain on his disability, it also relied on a VA medical examination which failed to adhere to the mandate of 38 C.F.R. § 4.40 that examinations upon which ratings are based adequately portray functional loss due to pain, and determine whether pain "was evidenced by the visible behavior of the claimant," as described in 38 C.F.R. § 4.45(f). *See Quarles*, 3 Vet. App. at 140.

## III. CONCLUSION

It is the duty of the BVA, not the Court, to assess the credibility of the veteran's

454

sworn testimony and to address appellant's complaints of pain to determine functional loss under 38 C.F.R. § 4.40. *Moyer v. Derwinski,* 2 Vet.App. 289, 294 (1992); *Schafrath,* 1 Vet.App. at 593; *Ferraro v. Derwinski,* 1 Vet.App. 326, 330 (1991); *Hatlestad,* 1 Vet.App. at 167. Thus, the BVA decision is VACATED and the matter REMANDED for a determination of whether appellant is entitled to an increased rating for his service-connected left femur fracture residuals and for his residuals of a compression fracture at L1 and spondylolisthesis at L5–S1 based on functional loss due to pain. If adequate pathology is not present in the record for the BVA to reach a determination, the Board shall order a medical examination, upon which it shall base its ultimate conclusions. *See Green v. Derwinski,* 1 Vet.App. 121 (1991); 38 C.F.R. §§ 4.1, 4.2, 4.10, 4.59, 4.70 (1992).