Paul J. MARCOUX, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–52.

United States Court of Veterans Appeals.

Dec. 19, 1996.

Ronald L. Smith and James W. Stewart (non-attorney practitioner) were on the brief for the appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and David W. Engel, Deputy Assistant General Counsel, Washington, DC, were on the brief for the appellee.

Before KRAMER, FARLEY, and HOLDAWAY, Judges.

KRAMER, Judge:

The appellant, Vietnam veteran Paul J. Marcoux, appeals a September 28, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for post-traumatic stress disorder (PTSD). Record (R.) at 6–17. The Court has jurisdiction under 38 U.S.C. § 7252(a).

On August 5, 1996, this Court issued a decision which vacated the decision of the BVA and remanded the matter for further adjudication. The appellant, on August 16, 1996, filed a timely motion for reconsideration. The appellant's motion is granted, the August 5, 1996, decision is vacated, and this decision is issued in its stead. For the reasons that follow, the Court will vacate the September 28, 1994, decision of the BVA and remand the matter for further adjudication consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The appellant had active service in the U.S. Marine Corps from August 1970 to August 1972. R. at 19. The appellant's DD 214 ("Armed Forces of the United States Report of Transfer or Discharge") lists his military occupational specialty (MOS) as rifleman and indicates that he was awarded the Rifle Sharpshooter Badge, the National Defense Service Medal, and the Vietnam Service Medal. *Ibid.* Both his enlistment and separation examinations were negative for any psychiatric disorders. R. at 43–45, 48–49.

In March 1981, the appellant filed with a VA regional office (RO) a claim for service connection for "delayed stress syndrome." R. at 24–27. The RO denied the claim in June 1981 after a VA psychiatric examination failed to find the "classical symptoms of the post-Vietnam syndrome." R. at 59–60. The appellant did not appeal the RO's decision. In March 1983, the RO received copies of VA medical records dated 1981 to 1983. R. at 65–75. None of those records contained a relevant diagnosis, and the RO therefore issued a confirmed rating decision in April

1983. R. at 77. In March 1985, the appellant sought to reopen his claim, submitting VA medical records dated between 1979 and 1985, none of which contained a diagnosis of PTSD. R. at 79–115, 117–20. The RO issued a confirmed rating decision in June 1985. R. at 124. In February 1988, the appellant again requested reopening of his claim. R. at 126. The request to reopen was not accompanied by any evidence, and in March 1988 the RO issued a deferred rating decision and informed the appellant that he would need to submit "new and material evidence" before the RO would "reconsider" his claim. R. at 130.

In May 1990, the appellant again sought reopening of his claim. R. at 132. He subsequently submitted a June 1990 document from the Bureau of Naval Personnel indicating that he had been awarded the Combat Action Ribbon. R. at 138. After the RO issued another confirmed rating decision in November 1990, the appellant filed a timely Notice of Disagreement. R. at 200, 205–06. In February 1991, the RO obtained from the National Personnel Records Center (NPRC) confirmation that, after the appellant's discharge, the Combat Action Ribbon had been awarded to all Marines who had been on board the U.S.S. *Point Defiance* on June 27, 1972, including the appellant. R. at 208–12. In September 1992, the Board remanded the case to the RO for further development, instructing the RO to seek from both the appellant and the U.S. Marine Corps details concerning any traumatic events the appellant might have experienced during his service in Vietnam. R. at 241. The RO subsequently obtained from the Marine Corps narrative summaries for the unit to which the appellant had been assigned. R. at 289–97, 300–18. Those summaries indicate, among other things, that in June 1972 the unit was stationed on board the U.S.S. *Point Defiance* in the Gulf of Tonkin, but do not describe any combat incidents. R. at 301. The RO also obtained: (1) a July 1992 VA medical center (MC) hospitalization summary diagnosing the appellant with severe, chronic PTSD; and (2) an undated questionnaire in which the appellant described an incident when the North Vietnamese Army

fired upon the U.S.S. *Point Defiance* and he refused to go below deck because he feared being trapped and wanted to be able to jump into the water if the ship were hit. R. at 233, 358–59.

In a May 1993 decision, the RO denied the claim. R. at 320–21. At a November 1993 VA psychiatric examination, the examiner diagnosed chronic, severe PTSD, noting: "Combat experience, felt trapped on the submarine and experienced some stressors. He was in fear of his life". R. at 429–30. After the RO again denied the claim, the case was returned to the Board which, in the decision here on appeal, found that (1) during his tour of duty in Vietnam the appellant was not exposed to combat; (2) the evidence of record failed to corroborate the appellant's testimony as to in-service stressors; and (3) there was no credible supporting evidence that the alleged in-service stressors actually occurred. R. at 7–8. This appeal followed.

## II. ANALYSIS

### A. Reopening

■ The RO denied the appellant's claim for service connection for PTSD in a June 1985 decision. R. at 77. That decision is final and may not be reopened unless, pursuant to 38 U.S.C. § 5108, "new and material evidence" is presented or secured with respect to the claim. *See* 38 U.S.C. § 7105(c). Evidence is "new" if it is not merely cumulative of prior evidence of record; evidence is "material" where it is relevant to and probative of the issue at hand and where there is a reasonable possibility that, when viewed in the context of all the evidence, both new and old, it would change the outcome. *See Evans v. Brown,* 9 Vet. App. 273, 283–84 (1996); *Struck v. Brown,* 9 Vet.App. 145, 151 (1996); *Blackburn v. Brown,* 8 Vet.App. 97, 102 (1995). The determination as to whether evidence is "new and material" is a question of law, subject to de novo review in this Court under 38 U.S.C. § 7261(a)(1). *Masors v. Derwinski,* 2 Vet. App. 181, 185 (1992). Here, the evidence secured since the June 1985 decision includes (1) Bureau of Naval Personnel and NPRC documents indicating that the appellant had been awarded the Combat Action Ribbon and (2) the November 1993 VA examination report diagnosing severe, chronic PTSD related to the appellant's duty in Vietnam. These items are "new" because they are not cumulative of evidence that was before the RO in June 1985. They are "material" because they are relevant to and probative of whether the appellant currently has a medically diagnosed case of PTSD that is causally related to his service, *see Struck,* 9 Vet.App. at 151, and because, when viewed in the context of all the evidence here, they create a "reasonable possibility" of changing the outcome. *Blackburn, supra.* Thus, although the Board's decision did not address whether appellant had submitted new and material evidence to reopen his claim, the Court concludes that the Board's consideration of the merits of the claim was appropriate. *See Masors, supra.*

### B. Merits

■ While the appellant's claim was pending before the Board, the Secretary added to 38 C.F.R. § 3.304 a new subsection (f) specifically applicable to the adjudication of PTSD claims. That subsection provides, in pertinent part:

> (f) *Post-traumatic stress disorder.* Service connection for post-traumatic stress disorder requires medical evidence establishing a clear diagnosis of the condition, credible supporting evidence that the claimed inservice stressor actually occurred, and a link, established by medical evidence, between current symptomatology and the claimed inservice stressor. If the claimed stressor is related to combat, service department evidence that the veteran engaged in combat or that the veteran was awarded the Purple Heart, Combat Infantryman Badge, or similar combat citation will be accepted, in the absence of evidence to the contrary, as conclusive evidence of the claimed inservice stressor.

38 C.F.R. § 3.304(f) (1995). During the pendency of the appeal, the Secretary amended the relevant language in VA ADJUDICATION PROCEDURE MANUAL, M21–1 [hereinafter M21–1] by adding the Combat Action Ribbon to the list of decorations that generally are to be considered conclusive evidence of an in-

service stressor. As so revised, the M21–1 provision reads:

c. **Evidence of Stressors in Service**

(1) **Conclusive Evidence.** ... If the claimed stressor is related to combat, in the absence of information to the contrary, receipt of any of the following individual decorations will be considered evidence of participation in a stressful episode:

. . . .

Combat Action Ribbon.

M21–1, Part VI, ¶ 7.46(c)(1) (Change 40, Oct. 11, 1995). Because the amendments to both the regulation and the M21–1 establish a more liberal method of demonstrating the existence of a stressor, they are more favorable to the appellant and, because the Secretary has not enjoined their retroactive application, the Court holds that the amendments are applicable to the appellant's claim. *See Hayes v. Brown,* 5 Vet.App. 60, 66–67 (1993), *appeal dismissed,* 26 F.3d 137 (Fed.Cir. 1994); *Karnas v. Derwinski,* 1 Vet.App. 308, 313 (1991).

The Court holds that the Board must apply both of these amendments with respect to the issues of (1) the appellant's receipt of the Combat Action Ribbon; (2) his exposure to in-service stressors related to combat; (3) whether there is "evidence to the contrary" with respect to the existence of claimed in-service stressors, 38 C.F.R. § 3.304(f); and (4) the need for corroborative evidence of the stressors alleged by the appellant. *See also* 38 C.F.R. § 4.130, 61 Fed.Reg. 52,700–02 (1996) (formerly § 4.132).

Accordingly, remand is required for the Board to readjudicate this claim. If upon remand, the BVA decides that the medical evidence of record is inadequate or incomplete, the BVA has the authority, indeed the responsibility, to obtain a new medical examination. *See* 38 U.S.C. § 5107(a); *Green v. Derwinski,* 1 Vet.App. 121, 124 (1991); 38 C.F.R. §§ 3.304(f), 4.125 (as amended, 61 Fed.Reg. 52,700 (1996)); M21–1, Part VI, ¶¶ 7.46(e), (f).

### III. CONCLUSION

The Board's September 28, 1994, decision is VACATED and the matter is REMAND-ED to the Board for further proceedings consistent with this decision. On remand, the appellant is free to submit additional evidence and argument with respect to the remanded claim. *See Quarles v. Derwinski,* 3 Vet.App. 129, 140–41 (1992).