KASOLD, Judge,
concurring:
Although I concur in the majority’s decision that remand is appropriate because the Board’s statement of reasons or bases is inadequate, I write separately to expand upon an issue that is not fully discussed here and that should be addressed on remand. Although Mrs. Daves argues that the Secretary had a duty under 38 U.S.C. § 5103A(d) to provide a medical opinion regarding the cause of her husband’s death, she provides no authority for her proposition that section 5103A(d), which explicitly applies to disability compensation claims, also applies to DIC claims. The Secretary does not concede that section 5103A(d) is applicable to DIC claims and has requested permission to submit supplemental briefing on the issue should it be determinative in this case. Given the posture of the case, such briefing is not now warranted.
Nevertheless, the significance of this issue cannot be overstated. Should it be determined that an autopsy reasonably would assist a medical professional in opining as to the cause of the death of Mr. Daves, any duty to secure an autopsy may vary depending on whether the January 2003 medical opinion was sought by the Secretary pursuant to the section 5103A(d) mandatory duty to provide a medical opinion in disability compensation claims, or whether it was sought pursuant to the Secretary’s general duty to undertake “reasonable efforts to assist” under section 5103A(a) and his discretionary duty to provide any assistance he considers appropriate under 5103A(g).
Otherwise stated, the effort required to be undertaken to assist in securing a medical opinion or examination that is required to be provided by law may differ from that which is required when the medical opinion or examination is being sought as a matter of discretionary assistance. Compare 38 U.S.C. § 5103A(d) (providing that the Secretary “shall” secure a medical opinion or examination when certain criteria are met) with 38 U.S.C. § 5103A(a) (providing that the Secretary “shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate” the claim) and 38 U.S.C. § 5103A(g) (providing that the Secretary is not precluded by anything in section 5103A from providing any assistance in substantiating a claim that he “considers appropriate”); see also Green v. Derwinski, 1 Vet.App. 121, 123-24 (1991) (“It is equally impossible to square the Secretary’s duty to assist a claimant ... with the Department of Veterans Affairs’ (VA) failure to follow up the suggestion by *54 the examining physician that a review of the veteran’s records ‘might help clarify the diagnostic doubt’ and that additional diagnostic studies might be in order if such doubt remains.”). The Board’s statement of reasons or bases does not address this issue; for this reason, as well as those more fully articulated in the opinion of the Court, remand is appropriate.