Citation Nr: 1326651 
Decision Date: 08/21/13 Archive Date: 08/29/13

DOCKET NO. 11-17 701 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to a disability rating in excess of 30 percent for depressive disorder NOS. 


ATTORNEY FOR THE BOARD

M. Moore, Associate Counsel



INTRODUCTION

The Veteran served on active duty from May 2006 to June 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico, which continued a 30 percent evaluation for depressive disorder NOS.

The Veteran was scheduled for a Travel Board hearing in March 2012. He failed to report for this hearing and provided no explanation for his failure to report. The Veteran's hearing request is considered withdrawn. 38 C.F.R. § 20.704(d) (2012).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action on his part is required.


REMAND

After a thorough review of the Veteran's claims file, the Board finds that additional evidentiary development is necessary prior to the adjudication of his claim of entitlement to an increased rating for depressive disorder NOS.

The Veteran has argued that his psychiatric disability has worsened since he was examined in 2009. See Veteran statements, March 2010, November 2010. The lay and medical evidence also suggests a possible worsening as well. Specifically, the Veteran's friend, H. N. R., submitted a statement in June 2009, indicating that the Veteran had engaged in self injury. This symptom was not reported on the most recent June 2009 VA examination report. Additionally, a VA treatment record dated in April 2010 indicate that the Veteran had been referred to a partial hospitalization program and electroconvulsive therapy. A June 2010 VA treatment record indicates that he was regularly attending a partial hospitalization program for his psychiatric disability. 

In light of the medical and lay statement suggesting symptoms not noted on the most recent VA examination and an increase in treatment, the most recent VA examination may not reflect the current state of the Veteran's psychiatric disorder. As such, the Board finds it is appropriate to afford the Veteran a new VA examination to evaluate the current severity of his depressive disorder NOS. See Green v. Derwinski, 1 Vet. App. 121 (1991); Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

Additionally, as the case is being remanded, the AMC should obtain and associate with the claims file any outstanding VA treatment records.

Accordingly, the case is REMANDED for the following action:

1. Copies of all outstanding VA psychiatric treatment records from the San Juan VA Medical Center, and any other VA facilities identified by the Veteran, should be obtained and added to the claims folder. The Board is particularly interested in records from the Capestrano Partial Hospitalization Program.

2. Thereafter, the Veteran should be scheduled for a VA examination in order to determine the current nature and severity of his depressive disorder NOS. The claims folder must be made available to the examiner for review in connection with the examination. The examination report must reflect that such a review was conducted. The examiner should specifically address the lay statements indicating that the Veteran engaged in self injury and suicidal ideation. All indicated studies should be completed. A complete rationale must be provided for any opinion provided.

The psychiatric examiner should identify what symptoms, if any, the Veteran currently manifests or has manifested in the recent past that are attributable to his service-connected depressive disorder NOS. The examiner is also requested, if possible, to determine and specifically list all symptoms as well as the levels of social and occupational impairment experienced by the Veteran that are attributable to his PTSD. The examiner should assign a Global Assessment of Functioning (GAF) score for the Veteran's disorder consistent with the American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV) and explain the significance of the score.

Rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

3. After completing the above actions and any other development that may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim should be readjudicated. If the claim remains denied, a supplemental statement of the case should be provided to the Veteran. After he has had an adequate opportunity to respond, the case should be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

No action is required of the Veteran until further notice. However, the Board takes this opportunity to advise the Veteran that the conduct of the efforts as directed in this remand, as well as any other development deemed necessary, is needed for a comprehensive and correct adjudication of his claim. His cooperation in VA's efforts to develop his claim, including reporting for any scheduled VA examination, is both critical and appreciated. The Veteran is also advised that failure to report for any scheduled examination may result in the rating of the claim on the evidence of record if it is an original claim or denial if it is a claim to reopen or for increase. 38 C.F.R. § 3.655 (2012).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2002 & Supp. 2012).



_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).