Citation Nr: 1443646 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-09 210 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to a disability evaluation in excess of 50 percent for service-connected posttraumatic stress disorder (PTSD) with panic disorder and depression. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. T. Sprague, Counsel






INTRODUCTION

The Veteran had active service from September 1974 to September 1975 and from January 2004 to October 2005. 

This matter comes before the Board of Veterans Appeals (Board) on appeal from a September 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. The Board denied the claim in October 2013, and the Veteran filed an appeal with the U.S. Court of Appeals for Veterans Claims (Court). Pursuant to a Court order of July 2014, the Board's prior decision has been vacated and remanded, and this remand order is issued pursuant to that mandate. 

The entire claims file, to include the portion contained electronically, has been reviewed in this case. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As noted in the Introduction, this case was adjudicated by the Board in October 2013, and at that time, a rating in excess of 50 percent for PTSD with panic disorder and depression was denied. The Veteran, through counsel, appealed the decision, and in July 2014, a Joint Motion for Remand (Joint Motion) was filed with the U.S. Court of Veterans Appeals (Court) in concert with the counsel for the Secretary of Veterans Affairs. A July 2014 Court Order vacated the Board's prior decision and remanded the case for action consistent with the contents of the Joint Motion. This remand serves to effectuate the Court's Order. 

Essentially, the Joint Motion noted that there was symptomatology present in an August 2009 VA psychiatric examination which was potentially supportive of a rating in excess of 50 percent for service-connected PTSD. That is, the examiner determined that the overall psychiatric disability picture resulted in "serious impairment in vocational and social functioning" and a Global Assessment of Functioning (GAF) score of 45 had been entered. 

The Joint Motion acknowledged that the Board had reviewed this evidence and discussed it in its decision. Indeed, the Board concluded that the examination report revealed "impaired impulse control and constant irrelevant, illogical, or obscure speech patterns." Nonetheless, the Board determined that there was no "impairment of thought process or impairment of communication," and when taking this finding in concert with other, later evidence of record which appeared to show symptomatology of lesser severity, the Board determined that the overall impairment in occupational and social functioning was more consistent with the 50 percent rating. 

Nonetheless, the Joint Motion indicated that the Board's analysis was somehow inadequate given that the Board purportedly did not "discuss the effects" of certain specific symptomatology supportive of a 70 percent rating in a five-year-old examination report. The Joint Motion specifically noted that a higher disability evaluation would have been "checked" in 2009 by the examiner had other psychiatric disablement been considered in his evaluation (i.e. it would have been indicated that the examiner felt the overall service-connected disability picture approximated the 70 percent criteria if, at that time, the manifestations of depression and panic disorder were considered). 

This finding is somewhat perplexing, as the Board did specifically identify that there was some symptomatology present (impaired impulse control and constant irrelevant, illogical, or obscure speech patterns) supportive of the 70 percent rating; however, when viewing that evidence with other evidence of record, including a 2012 VA examination report that appeared to show a markedly less severe disability picture, it was determined that the overall level of severity was more consistent with a 50 percent rating with regard to impairment in occupational and social functioning. 

Despite its initial findings to the contrary, the Board has been put on notice that several symptoms noted in 2009 might, at least potentially, be indicative of a disability of greater severity than what is contemplated in the assigned 50 percent rating. It is, however, noted that findings subsequent to that examination did indicate less severe disablement than this rather dated examination report. For instance, in the February 2012 VA examination report, it was noted that the Veteran was leaving his residence on a somewhat regular (i.e. twice weekly basis) to attend therapy sessions, and that he had an adequate support group in his family. A GAF score of 57 was assigned at that time, and there were notably higher levels of social functioning demonstrated than what was reported in 2009. Thus, the record is somewhat confused as to what is the actual level of severity of service-connected PTSD with panic and depression. 

In cases where an increase in rating is sought, the current level of disability is of paramount importance. In this regard, the Board finds that a current psychiatric examination is warranted to determine the level of severity of PTSD from the filing of the claim forward. See Green v. Derwinski, 1 Vet. App. 121, 124 (1991); Hyder v. Derwinski, 1 Vet. App. 221 (1991). The examiner should review the evidence of record, to include the prior 2009 and 2012 VA examination reports, and should specifically opine as to if the service-connected PTSD (with panic and depression) has been productive of occupational and social impairment in most areas (or has been totally disabling) from the period of approximately May 2009 to the present. If, after a review of the evidence and the conducting of the examination, there is an identifiable point where it became factually ascertainable that the service-connected psychiatric disability underwent a significant worsening (to include consideration of the time one year prior to the filing of the claim on May 8, 2009) such a finding should also be recorded. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a comprehensive VA psychiatric examination for the purposes of determining the level of severity of the Veteran's service-connected PTSD with panic disorder and depression. In this regard, the examiner should opine as to if the symptoms attributable to the service-connected psychiatric disability picture, to include noted episodes of impaired impulse control and constant irrelevant, illogical, or obscure speech patterns in August 2009, are representative of impairment in occupational and social functioning in most areas (or, alternatively, are totally disabling in nature) from the time proximate to May 2009 forward. 

The examiner should note if worsening and/or consistent improvement has been manifested from 2009 forward, and if there is a factually ascertainable point where the disability affected most or all areas of occupational and social functioning, to include in the year prior to May 9, 2009, such a point should be delineated in the narrative portion of the examination report. The mental status examination report should be included, and a current GAF score should be provided. Rationales should be associated with all conclusions reached by the examiner. 

2. Following the above-directed development, re-adjudicate the Veteran's claim for an increase in rating for service-connected PTSD with panic disorder and depression. Should the claim not be granted in its entirety, issue an appropriate supplemental statement of the case and forward the claim to the Board for adjudication. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
MATTHEW D. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).