Citation Nr: 1450471 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 12-15 234 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

 Entitlement to an increased evaluation for lumbosacral spine strain, currently evaluated as 10 percent disabling prior to May 7, 2012, and 20 percent thereafter.


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Christopher Murray, Counsel






INTRODUCTION

The Veteran had active military service from May 2001 to October 2004.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a May 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

In May 2013, the RO denied service connection for bilateral spondylosis with first degree spondylolisthesis as secondary to service-connected lumbosacral spine strain. A few days later, the Veteran filed a notice of disagreement. He was furnished a statement of the case but did not perfect an appeal of this matter. Thus, this matter is not before the Board. 

The Veteran testified before the Board at a May 2014 hearing conducted via videoconference. A transcript of the hearing is of record.

In a May 2014 statement, the Veteran raised claims of service connection for depression and an anxiety disorder with adjustment reaction. This matter is referred to the RO for initial adjudication. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

At the May 2014 Board hearing, the Veteran testified that he has received chiropractic treatment at VA facilities, and specifically read from a January 2013 treatment record. A review of the record indicates that VA chiropractic records have not been associated with the claims file. Records generated by VA facilities that may have an impact on the adjudication of a claim are considered in the constructive possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998). Any outstanding VA treatment records must be obtained and associated with the claims file prior to adjudicating the appeal on the merits. In addition, to ensure a thorough and contemporaneous record, a new VA examination should be provided to address the current severity of the Veteran's lumbar spine disability. See generally Green v. Derwinski, 1 Vet. App. 121, 124 (1991).

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file all outstanding VA treatment records. Specifically, records generated by VA facilities related to chiropractic treatment must be obtained. Efforts to obtain these records must be associated with the claims file and requests for these records must continue until the AOJ determines that the records sought do not exist or that further efforts to obtain those records would be futile.

2. Schedule the Veteran for an appropriate VA examination to determine the current severity of his service-connected lumbar spine disability. The entire claims file (i.e. the paper claims file and any medical records contained in Virtual VA, CAPRI, and AMIE) must be reviewed by the examiner in conjunction with the examination. Any testing deemed necessary, including X-rays, should be performed. 

All pertinent pathology should be noted in the examination report, including a description of whether the Veteran's disability exhibits weakened movement, excess fatigability, or incoordination, expressed in terms of the degree of range of motion lost. The examiner should also express an opinion as to the degree to which pain could significantly limit functional ability during flare-ups as well as the functional impairment and effects on the Veteran's employability. If the service-connected back disability is productive of neurological disability to include radiculopathy of the lower extremities, this should be documented. 

3. After completing the above, and any other development deemed necessary, readjudicate the Veteran's claim based on the entirety of the evidence. Consideration of the applicability of a separate rating based on radiculopathy of the lower extremities should be made. If the benefits sought on appeal are not granted to the appellant's satisfaction, he and his representative, if any, should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).


_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).