﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 190513-56687
DATE: January 29, 2021

ORDER

Service connection for post operative lumbosacral spine degenerative disc disease is granted. 

The appeal for service connection for posttraumatic stress disorder (PTSD) is dismissed. 

The appeal for service connection for a right elbow disability is dismissed. 

REMANDED

Entitlement to service connection for a cervical spine disability is remanded. 

Entitlement to service connection for a right knee disability is remanded. 

Entitlement to service connection for a left knee disability is remanded. 

FINDINGS OF FACT

1. Lumbosacral spine degenerative disc disease was initially manifested during active service. 

2. In a December 2020 written statement, the Veteran’s accredited representative expressly withdrew the appeals for service connection for PTSD and a right elbow disability. 

CONCLUSIONS OF LAW

1. The criteria for service connection for post operative lumbosacral spine degenerative disc disease have been met. 38 U.S.C.§§ 1110, 1131, 5107; 38 C.F.R. § 3.102. 

2. The criteria for withdrawal of the appeal for service connection for PTSD are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.204. 

3. The criteria for withdrawal of the appeal for service connection for a right elbow disability are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.204. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from June 1989 to December 2000. He had additional duty with the Marine Corps Reserve and the Naval Reserve. 

Service Connection for a Lumbosacral Spine Disability

The Veteran asserts that service connection for a lumbosacral spine disability is warranted as the claimed disability was initially manifested during active service. 

Service connection may be granted for recurrent disability arising from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131.

The complete service treatment documentation is not of record through no fault of the Veteran. Repeated attempts to obtain the service treatment records were unsuccessful. 

A September 2012 treatment record from TOCA Phoenix Clinic notes that the Veteran underwent a 2011 L5 S1 discectomy. 

An October 2017 written statement from W. Agerton, M.D., relates that he was the flight surgeon for the Veteran’s Marine Corps unit. Dr. Agerton recalled treating the Veteran for low back pain in 1999. He stated that “it is my opinion, based on his interval history, that his later herniation and low back problems initially presented when he was on active duty and his current condition should be considered as a complication due to injury while on active duty.” 

The Board finds that the evidence is in at least equipoise as to whether the diagnosed lumbosacral spine disability was initially manifested during active service. The complete service treatment documentation is unavailable. The Veteran has been diagnosed with post-operative lumbosacral spine degenerative disc disease. The Veteran’s in service military physician recalled treating the Veteran for lumbar spine complaints and attributed his post service lumbosacral spine degenerative disc disease to active service. Therefore, resolving reasonable doubt in the Veteran’s favor, the Board of Veterans’ Appeals (Board) concludes that service connection is warranted for post-operative lumbosacral spine degenerative disc disease. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. 

Withdrawal

In a December 2020 written statement, the Veteran’s accredited representative expressly withdrew the appeal for service connection for both PTSD and a right elbow disability. 

A veteran or authorized representative may withdraw a substantive appeal in writing at any time prior to the Board’s promulgation of a decision. 38 C.F.R. § 20.205. The Board finds that the Veteran’s accredited representative has effectively withdrawn the appeals for service connection for a right elbow disability. Therefore, the Board concludes that no allegation of fact or law remains as to those issues and the appeal must be dismissed. 38 U.S.C. § 7105. 

REASONS FOR REMAND

Entitlement to service connection for a right knee disability, a left knee disability, and a cervical spine disability is remanded. 

The Veteran asserts that service connection for a cervical spine disability, a right knee disability, and a left knee disability as the claimed disorders were initially manifested during active service and/or secondary to the service connected lumbosacral spine disability. 

Service connection may also be granted for disability which is proximately due to or the result of a service connected disease or injury. 38 C.F.R. § 3.310(a). Service connection shall be granted on a secondary basis under the provisions of 38 C.F.R. § 3.310(a) where it is demonstrated that a service connected disorder has aggravated a nonservice connected disability. Allen v. Brown, 7 Vet. App. 439 (1995). Service connection has been established for post operative lumbosacral spine degenerative disc disease. 

VA’s duty to assist includes, in appropriate cases, the duty to conduct a thorough and contemporaneous medical examination which is accurate and fully descriptive. McLendon v. Nicholson, 20 Vet. App. 79 (2006); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). The Veteran has not been afforded VA examinations which addressed the cervical spine and the knees. Given the unavailability of the service treatment records, the Board finds that such VA evaluations are necessary to determine the nature of the claimed disabilities and their relationship, if any, to active service and the service connected lumbosacral spine disability. Those are pre decisional errors. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA spine examination conducted by an appropriate physician to assist in determining the nature and etiology of the claimed cervical spine disability and any relationship to active service. The examiner must review the record and should note that review in the report. A rationale for all opinions should be provided. The examiner should:

(a) Diagnose all cervical spine disabilities found. 

(b) Opine whether it is at least as likely as not (50 percent probability or greater) that any identified cervical spine disability had its onset during active service or is related to any incident of service, including the Veteran’s documented military duties as a pilot. 

(c) Opine whether it is at least as likely as not (50 percent probability or greater) that any identified cervical spine disability is due to or the result of the service connected lumbosacral spine disability.

(d) Opine whether it at least as likely as not (50 percent probability or greater) that any identified cervical spine disability has been aggravated (permanently increased in severity beyond the natural progression of the disorder) by the service connected lumbosacral spine disability. 

2. Schedule the Veteran for a VA knee examination conducted by an appropriate physician to assist in determining the nature and etiology of the claimed right knee and left knee disabilities and any relationship to active service and service connected lumbosacral spine disability. The examiner must review the record and should note that review in the report. A rationale for all opinions should be provided. The examiner should:

(a) Diagnose all knee disabilities found. 

(b) Opine whether it is at least as likely as not (50 percent probability or greater) that any identified knee disability had its onset during active service or is related to any incident of service, including the Veteran’s documented military duties as a pilot. 

(c) Opine whether it is at least as likely as not (50 percent probability or greater) that any identified knee disability is due to or the result of the service connected lumbosacral spine disability.

(d) Opine whether it at least as likely as not (50 percent probability or greater) that any identified knee disability has been aggravated (permanently increased in severity beyond the natural progression of the disorder) by the service connected lumbosacral spine disability. 

 

 

J. T. HUTCHESON

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Edward G. Lent

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.