Citation Nr: 1104825 
Decision Date: 02/07/11 Archive Date: 02/14/11

DOCKET NO. 08-28 881 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, 
Missouri

THE ISSUE

Entitlement to a compensable evaluation for the residuals of 
Hodgkin's disease. 

REPRESENTATION

Appellant represented by: Missouri Veterans Commission

ATTORNEY FOR THE BOARD

Patrick J. Costello, Counsel

INTRODUCTION

The Veteran had active service from December 1986 to February 
1990. 

This matter comes before the Board of Veterans' Appeals (BVA or 
Board) on appeal from a November 2007 rating decision of the 
Department of Veterans Affairs (VA) Regional Office (RO) in St. 
Louis, Missouri. 

Upon reviewing the claims folder, the Board referred the matter 
to the Veterans Health Administration (VHA) for an advisory 
opinion concerning the Veteran's Hodgkin's disease residuals. 
This occurred in May 2010. The advisory opinion has been 
obtained and has been included in the claims folder for review. 
It is noted that the Veteran, along with his representative, were 
given the opportunity to provide any comments with respect to the 
opinion and those comments have also been included in the claims 
folder for review.

REMAND

A preliminary review of the record discloses a need for further 
development prior to further appellate review. In this regard, 
the Board finds that there is additional evidentiary development 
that needs to be accomplished in order to satisfy the VA's duty 
to assist obligations in this case. 

Following the Veteran's discharge from the Navy, he applied for 
VA compensation benefits. He specifically asked that service 
connection be granted for Hodgkin's disease - a condition he 
developed while on active duty. Service connection was granted 
for this condition via a rating action of May 1990. A 100 
percent disability rating was assigned in accordance with rating 
criteria found at 38 C.F.R. Part 4, Diagnostic Code 7709 (1989). 
At that time, the rating criteria read as follows:

A 100 percent rating will be assigned for 
acute (malignant) or chronic types of 
Hodgkin's disease with frequent episodes of 
high and progressive fever or febrile 
episodes with only short remissions, 
generalized edema, ascites, pleural 
effusion, or severe anemia with marked 
general weakness. A 60 percent rating will 
be warranted if there is evidence of 
general muscular weakness with loss of 
weight and chronic anemia, or secondary 
pressure symptoms such as marked dyspnea, 
edema with pains and weakness of extremity, 
or other evidence of severe impairment of 
general health. A minimum 30 percent 
evaluation will be awarded where there is 
evidence of occasional low-grade fever, 
mild anemia, fatigability, or pruritus. A 
note to Diagnostic Code 7709 provides that 
a 100 percent rating will be continued for 
one year following cessation of surgical, 
x-ray, antineoplastic, chemotherapy, or 
other therapeutic procedure. If there has 
been no local recurrence or invasion of 
other organs, the disease will be rated 
based on residuals.

The 100 percent disability rating was in effect from February 9, 
1990, to April 1, 1990, when it was reduced to a noncompensable 
rating. A noncompensable evaluation was assigned because, at 
that time, there was no medical evidence of any type of 
residuals. 

In 2007, the Veteran submitted a claim to the RO asking that his 
noncompensably rated Hodgkin's disease be re-evaluated, and that 
a compensable rating be assigned. After submitting his request, 
the Veteran underwent a VA medical examination in September 2007 
that determined that his Hodgkin's disease was in remission. The 
examiner did note however that the Veteran was suffering from 
exertional asthma and that such a condition was a complication of 
the Hodgkin's disease. The results of the examination, along 
with the Veteran's medical records, were reviewed by the RO 
which, in turn, denied the Veteran's claim for an increased 
rating. He was notified of that action and he subsequently 
appealed. 

Following the denial of benefits, the Veteran asserted that he 
was suffering from additional conditions that he believed were 
secondary to or a residual of his Hodgkin's disease. He 
clarified his statement and stated that it was his opinion that 
his chronic fatigue syndrome, asthma, dysphasia, and tachycardia 
were causally or etiologically related to his service-connected 
Hodgkin's disease. If this was the case, the Veteran insinuated 
that he should receive compensation for each of the disabilities 
he was now suffering therefrom. 

After reviewing the Veteran's assertions, the Board referred the 
Veteran's claim to the VHA, as noted in the Introduction. The 
purpose of that referral was to obtain a medical opinion as to 
whether the disabilities claimed by the Veteran could or would be 
caused by or the residuals of Hodgkin's disease (and the 
treatment therefore). The VHA doctor reviewed the Veteran's 
medical records and his claims folder, and then proffered an 
opinion. Specifically, the doctor stated that the Veteran's 
fatigue, reflux, tachycardia and diastolic dysfunction, and 
pulmonary symptoms could all be secondary to or caused by 
Hodgkin's' disease (or the treatment therefore). Nevertheless, 
the doctor recommended that additional medical testing be 
accomplished in order to confirm the Veteran's previous diagnoses 
of chronic fatigue syndrome, asthma, tachycardia, and dysphasia, 
and any other conditions that might be a residual of Hodgkin's 
disease or the treatment thereof. 

Pursuant to VA's duty to assist, VA will provide a medical 
examination or obtain a medical opinion based upon a review of 
the evidence of record if VA determines it is necessary to decide 
the claim. 38 C.F.R. § 3.159(c)(4)(i) (2010). Where a claimant 
asserts that the disability in question has increased in severity 
since the most recent rating examination or where there is a 
question as to the type of residuals the Veteran is experiencing 
as a result of a service-connected disability, an additional 
examination is appropriate. See VAOPGCPREC 11-95 (1995); Caffrey 
v. Brown, 6 Vet. App. 377 (1995); Green v. Derwinski, 1 Vet. App. 
121 (1991). The Board therefore finds that comprehensive VA 
examinations are necessary to address the current level of the 
Veteran's Hodgkin's disease and any related conditions secondary 
to or caused by the disease. 

Additionally, since the claims file is being returned, it should 
be updated to include relevant VA treatment records compiled 
since January 2009. See 38 C.F.R. § 3.159(c)(2); see also Bell 
v. Derwinski, 2 Vet. App. 611 (1992). 

Therefore, in order to give the Veteran every consideration with 
respect to the present appeal, it is the Board's opinion that 
further development of the case is necessary. This case is being 
returned to the RO via the Appeals Management Center (AMC) in 
Washington, D.C., and the Veteran will be notified when further 
action on his part is required. Accordingly, this case is 
REMANDED for the following action:

1. The RO/AMC should contact the Veteran 
and ask that he identify all sources of 
medical treatment received since January 
2009 for the residuals of Hodgkin's 
disease, to include tachycardia, chronic 
fatigue syndrome, asthma, and dysphasia, 
and to furnish signed authorizations for 
release to the VA of private medical 
records in connection with each non-VA 
source identified (if any). Copies of the 
medical records from all sources, including 
VA records, (not already in the claims 
folder) identified by the Veteran should be 
obtained and associated with the claims 
file. 

2. After the development requested in the 
first paragraph has been completed, the 
RO/AMC should afford the Veteran 
appropriate examinations, by individuals 
who, if possible, have not previously 
examined him. The purpose of the 
examinations are to ascertain the severity 
and manifestations of the Veteran's 
Hodgkin's disease, and to ascertain the 
nature and etiology of any tachycardia, 
chronic fatigue syndrome, asthma, and 
dysphasia that may be present. Any and 
all indicated evaluations, studies, and 
tests deemed necessary by the examiners 
should be accomplished. 

The examiners are requested to review all 
pertinent records associated with the 
claims file and each examiner should 
indicate in the appropriate examination 
report that he or she has reviewed the VHA 
opinion of July 10, 2010. Following this 
review and the examination, the examiners 
are requested to report complaints and 
clinical findings in detail and to identify 
what symptoms, if any, the Veteran 
currently manifests, or has manifested in 
the past, that are attributable to his 
service-connected Hodgkin's disease, to 
include chronic fatigue syndrome, asthma, 
tachycardia, and dysphasia. There examiner 
are also requested to offer an opinion as 
to whether any chronic fatigue syndrome, 
asthma, tachycardia, and dysphasia that may 
be present are causally or etiologically 
related to the Veteran's service connected 
Hodgkin's disease. 

A clear rationale for all opinions would be 
helpful and a discussion of the facts and 
medical principles involved would be of 
considerable assistance to the Board. 
However, if the requested opinions cannot 
be provided without resort to speculation, 
the examiners should so state and explain 
why an opinion cannot be provided without 
resort to speculation. 

Since it is important "that each disability 
be viewed in relation to its history[,]" 
38 C.F.R. § 4.1, copies of all pertinent 
records in the Veteran's claims file, or, 
in the alternative, the claims file, must 
be made available to the examiners for 
review in connection with the examination.

When the development requested has been completed, the case 
should again be reviewed by the RO on the basis of the additional 
evidence. If the benefit sought is not granted, the Veteran and 
his representative should be furnished a Supplemental Statement 
of the Case, and be afforded a reasonable opportunity to respond 
before the record is returned to the Board for further review.

The purpose of this REMAND is to obtain additional development, 
and the Board does not intimate any opinion as to the merits of 
the case, either favorable or unfavorable, at this time. The 
Veteran is free to submit any additional evidence and/or argument 
he desires to have considered in connection with his current 
appeal. Kutscherousky v. West, 12 Vet. App. 369 (1999). No 
action is required of the Veteran until he is notified.

_________________________________________________
RAYMOND F. FERNER
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).