Citation Nr: 1205188 
Decision Date: 02/10/12 Archive Date: 02/23/12

DOCKET NO. 10-09 873 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to an increased rating in excess of 20 percent for service connected pes planus with plantar fasciitis, right foot. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

H. Yoo, Associate Counsel


INTRODUCTION

The Veteran had confirmed active service from January 1980 to July 1980 and from October 1982 to October 1989.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

The Board notes that the Veteran was also denied entitlement to service connection for respiratory problems due to positive TB tine test in the February 2009 RO decision. The Veteran timely appealed. However, on the February 2010 Form 9, the Veteran stated that she no longer wished to appeal her service connection claim. Therefore, the claim for entitlement to service connection for respiratory problems due to positive TB tine test is no longer on appeal and will not be addressed.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Unfortunately, a remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. VA has a duty to assist claimants in obtaining evidence needed to substantiate a claim. 38 U.S.C.A. §§ 5107(a) 5103A (West 2002 & Supp. 2011); 38 C.F.R. § 3.159(c) (2011). 

VA's duty to assist includes a duty to provide a medical examination or obtain a medical opinion where it is deemed necessary to make a decision on the claim. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4) (2011). 

The Veteran is currently rated at 20 percent disability for service connected pes planus with plantar fasciitis, right foot. She contends her rating does not accurately reflect her current symptomatology. 

The Veteran argues that the VA treatment records and September 2008 examination do not completely address her complaints, including prior surgeries and severe pain. According to the Veteran, she has been wearing orthotic devices prescribed by the VA medical center which helps her ambulate but does not provide any relief for her extreme pain. 

The Board notes that the Veteran's right foot was last examined by VA in September 2008. Therefore, the Veteran should be afforded a VA examination to determine the current severity of her right foot disability. 38 C.F.R. § 3.159(c)(4) (2011); Green v. Derwinski, 1 Vet. App. 121 (1991) (duty to assist may include conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one). Where the record does not adequately reveal the current state of disability, the fulfillment of the duty to assist includes providing a thorough and contemporaneous medical examination that considers the claimant's prior medical examinations and treatment. See Floyd v. Brown, 9 Vet. App. 88, 93 (1996); Ardison v. Brown, 6 Vet. App. 405, 407-08 (1994).

This case is being returned to the RO via the Appeals Management Center (AMC) in Washington, D.C., and the Veteran will be notified when further action on her part is required.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination in order to determine the current severity of her service-connected pes planus with plantar fasciitis, right foot. 

All testing deemed necessary by the examiner should be performed and the results reported in detail. A complete copy of the REMAND and the claims folder must be available for review by the examiners in conjunction with the examinations and this fact should be acknowledged in the reports. The examiner must provide a complete rationale for the stated opinions. 

2. The AMC will then readjudicate the Veteran's claim. She and her representative should then be provided with a Supplemental Statement of the Case. An appropriate period of time will be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).