KASOLD, Chief Judge,
concurring:
I concur with the Court’s decision, but write separately to further address Mr. Monzingo’s argument that the February 2008 VA examination report is inadequate as a matter of law solely because it lacks a stated rationale for the examiner’s opinion. Mr. Monzingo’s argument is based on an inaccurate interpretation of our caselaw: namely, plucking out of context the statements in Nieves-Rodriguez v. Peake, 22 Vet.App. 295, 304 (2008), that a medical report is not “entitled to any weight ... if it contains only data and conclusions” (emphasis added), and in Stefl v. Nicholson, 21 Vet.App. 120, 124 (2007), that a medical report “must support its conclusion with an analysis” (emphasis added). Standing alone and taken out of context, one might conclude that a medical opinion cannot be afforded any weight by the Board if it lacks a specific explanation.
However, Nieves-Rodriguez and Stefl must be read in context. See Reiter v. Sonotone Corp., 442 U.S. 330, 341, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) (“[T]he language of an opinion is not always to be parsed as though we were dealing with language of a statute.”); U.S. v. Bird, 124 F.3d 667, 677 n. 3 (5th Cir.1997) (“While certain language in [a precedent], read in isolation, might be understood to embrace a somewhat far-reaching ... analysis, the opinion must be read in the context of what was before the panel there.... ”). Significantly, both of those cases dealt with the weighing of multiple medical opinions and the Board’s evaluation of the probative weight of multiple opinions. See Nieves- *109 Rodriguez, 22 Vet.App. at 302 (stating that “this Court’s review of the Board’s evaluation of competing medical opinions will be enhanced by” the enumerated guidelines in that case, and that the Court would review those guidelines “where the Board favors one medical opinion over another” (emphasis added)); Stefl, 21 Vet.App. at 124 (“[A medical opinion] must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions.” (emphasis added)). Thus, in context, Nieves-Rodriguez and Stefl hold that, when the conclusions of two or more medical professionals differ, rationale is an essential ingredient to the Board’s weighing of those opinions.
Moreover, our caselaw is quite clear that an expert opinion is adequate if it (1) is based on a correct factual premise, Reonal v. Brown, 5 Vet.App. 458, 461 (1993), (2) is based on the pertinent medical history and examinations, D'Aries v. Peake, 22 Vet.App. 97, 104 (2008); Green v. Derwinski, 1 Vet.App. 121, 124 (1991) (same), (3) is not plagued by ambiguity or inconsistency, Daves v. Nicholson, 21 Vet.App. 46, 51 (2007), and (4) provides sufficient detail to fully inform the Board on its medical question, D’Aries and Green, both supra. Indeed, there is no reasons-or-bases requirement for medical examiners, and medical reports are to be read as whole, taking into consideration the history, tests, and examinations upon which the report is based. See Acevedo v. Shinseki, 25 Vet.App. 286, 294 (2012).
Accordingly, even though the sole medical opinion of record in this case lacked an explicit rationale, it was fully understandable when read as a whole, uncontroverted, based on a review of pertinent medical history and an examination, and it fully informed the Board on its medical question. Our caselaw states, and the Court reiterates in its decision today, that such an opinion is adequate and may be assigned probative value. See D'Aries, 22 Vet.App. at 104; see also Acevedo, supra.[4]

. Although not cited by Mr. Monzingo, I note that Horn v. Shinseki, 25 Vet.App. 231, 240-42 (2012), favorably cites Nieves-Rodriguez for the proposition that "an unexplained con-clusory opinion is entitled to no weight." However, the Court's conclusion that the medical evaluation board report at issue in Hom did not constitute clear and unmistakable evidence rested on the fact that the report summarily had found no in-service aggravation without record evidence indicating the full scope of the medical records that had been reviewed or whether the summary opinion was predicated on any examination and testing, such that it was wholly unclear why the report found no in-service aggravation.