Citation Nr: 1518692 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 08-06 646A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to service connection for hypertension.

2. Entitlement to a disability evaluation in excess of 10 percent for residuals of a groin muscle strain.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

R. Williams, Counsel 




INTRODUCTION

The Veteran served on active duty for training (ACDUTRA) from September 1990 to March 1991, and on active duty from June 2006 to November 2006.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a June 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana, which denied the benefits sought on appeal.

In December 2008, the Veteran testified before a Decision Review Officer (DRO) at the Indianapolis RO. A transcript of the hearing has been associated with the record. 

This case was previously before the Board in October 2011 and August 2013. In the August 2013 decision, the Board remanded the claim for a rating in excess of 10 percent for residuals of groin muscle strain and denied entitlement to service connection for hypertension. The Veteran appealed that portion of the August 2013 Board decision that denied entitlement to service connection for hypertension to the United States Court of Appeals for Veterans Claims (Court or CAVC). In December 2014, the Court granted a Joint Motion for Remand (Joint Motion), and the part of the Board's decision that denied entitlement to service connection for hypertension was remanded for readjudication. 

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.

The Veteran filed several new claims, see February 2014 21-526EZ, including a claim for increased ratings for back and leg disabilities. The Veteran should understand that those claims are not currently before the Board, but she will have the opportunity to fully develop her claims at the RO level and obtain the full benefit of the adjudication process prior to any consideration of those issues by the Board, if necessary.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

According to the December 2014 Joint Motion, the parties agreed that the Board erred in failing to provide adequate reason and bases regarding the probative value of Veteran's testimony and the probative value of 2011 VA medical examination report. 

The November 2011 VA examiner indicated that the date of onset for the Veteran's hypertension was prior to her first deployment in September 1990. However, VA treatment records reflect that the Veteran was first diagnosed with hypertension in 2002. According to a September 2012 statement, the Veteran has stated that her hypertension was aggravated by her 2006 deployment when she began taking Micardis. Thus, the Board finds that further development is warranted as to the whether the Veteran's hypertension was aggravated beyond the natural progression during active duty service. 

According to the Joint Motion, the parties also agreed that the Board erred in not ensuring that complete service treatment records were sought. The Veteran previously submitted a release of VA medical records from the Martin Army Community Hospital and MacDill Air Force Base. Thus, on remand these records should be sought. The Veteran should be provided additional release forms, if necessary. 

Regarding the Veteran's claim for a rating in excess of 10 percent for residuals of a groin muscle strain, the record reflects that subsequent to the November 2013 supplemental statement of the case, the Veteran claimed that the severity of her strain has worsened. Specifically, she has filed a claims for a temporary total rating as a result of surgery. The record further reflects that the Veteran was hospitalized in January 2014 for symptomatic uterine fibroid. The Veteran submitted additional statements regarding the pain in her groin, indicating that a large uterine fibroid is contributing to and aggravating her groin pain which has drastically increased. Where a veteran asserts that a disability has worsened since the last VA examination, and the last examination is too remote to constitute a contemporaneous examination, a new examination is required. See 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4); see also Snuffer v. Gober, 10 Vet. App. 400 (1997); Green v. Derwinski, 1 Vet. App. 121 (1991). Thus, a new VA examination is required to determine the current disability level for the Veteran's groin muscle sprain.

In addition, while on remand, any additional pertinent VA treatment records not on file must be obtained. 

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should obtain any outstanding service treatment records, to include identified records from Martin Army Community Hospital and MacDill Air Force Base, and associate them with the record. If the search for such records has negative results, the AOJ should notify the Veteran and place a statement to that effect in the record. 

2. The AOJ should obtain any updated VA treatment records dated from August 2013 to the present from the Indianapolis VAMC and should associate them with the record. If the search for such records has negative results, the AOJ should notify the Veteran and place a statement to that effect in the record. 

3. Then, forward the entire record to a qualified VA physician to render an opinion as to the etiology of any current hypertension. Following a complete review of the record, the examiner is requested to render the following opinions: Is it at least as likely as not that the Veteran's hypertension was aggravated (a permanent worsening of the underlying condition, as opposed to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability) beyond the course of its natural progression during service? The examiner should address the VA treatment records showing the first diagnosis of hypertension in 2002, prior to the Veteran's second period of service. In addition, the examiner should discuss the Veteran's statements regarding aggravation, including the contention that hypertension was aggravated by the 2006 deployment when she began taking Micardis. Any and all opinions must be accompanied by a complete rationale.

4. Schedule the Veteran for an examination with an examiner of appropriate expertise to determine the current severity of her service-connected groin muscle strain. All indicated tests and studies must be performed. The entire claims file must be reviewed by the examiner in conjunction with the examination. Following a review of the Veteran's claims file, including the Veteran's statements, the examiner must describe the nature, current severity, and all symptoms associated with the Veteran's service connected groin muscle strain

5. Then readjudicate the claims on appeal. If the benefits sought remain denied, issue the Veteran and her representative a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).