Citation Nr: 1554495 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 08-14 488 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to an initial disability rating for gout in excess of 40 percent prior to August 7, 2014, and 60 percent thereafter.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

H. Yoo, Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Navy from August 1984 to August 2004.

These matters come before the Board of Veterans' Appeals (Board) on appeal from an October 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. 

The issue of entitlement to an initial disability rating in excess of 40 percent for gout was remanded by the Board in May 2014 for additional development. Subsequently, in October 2014, the Veteran's service-connected gout was granted an increase to 60 percent effective August 7, 2014. As such, the issue has been re-characterized as reflected above. 

In his April 2008 substantive appeal, the Veteran requested a Board hearing in connection with the issues on appeal. An August 2008 report of general information shows the Veteran wished to withdraw his request for a hearing. Accordingly, the Board considers the Veteran's request for a hearing to be withdrawn and will proceed to adjudicate the case based on the record. See 38 C.F.R. § 20.704 (2015).

This appeal was processed using records which included the Virtual VA and Veterans Benefits Management System paperless claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.

REMAND

Unfortunately, another remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. The VA has a duty to assist claimants in obtaining evidence needed to substantiate a claim. 38 U.S.C.A. §§ 5107(a), 5103A (West 2014); 38 C.F.R. § 3.159(c) (2015).

VA's duty to assist includes a duty to provide a medical examination or obtain a medical opinion where it is deemed necessary to make a decision on the claim. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4) (2015). 

The Veteran is currently rated as 40 percent for gout prior to August 7, 2014, and 60 percent thereafter. In a September 2015 Post-Remand Brief, the Veteran's representative contended that the current rating does not accurately reflect the Veteran's current symptomatology as his condition continues to worsen. 

The Board notes that the Veteran was indeed afforded a VA examination in August 2014 for his disability. In light of the assertions of worsening disability, the Veteran should be afforded VA examination to determine the current severity of his service-connected gout. 38 C.F.R. § 3.159(c)(4) (2015); Green v. Derwinski, 1 Vet. App. 121 (1991) (duty to assist may include conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one). Where the record does not adequately reveal the current state of disability, the fulfillment of the duty to assist includes providing a thorough and contemporaneous medical examination that considers the claimant's prior medical examinations and treatment. See Floyd v. Brown, 9 Vet. App. 88, 93 (1996); Ardison v. Brown, 6 Vet. App. 405, 407-08 (1994).

Accordingly, the case is REMANDED for the following action:

1. Copies of updated treatment records should be obtained and added to the record.

2. Once all outstanding records have been obtained and associated with the record, schedule the Veteran for an appropriate VA orthopedic examination to determine the current nature and severity of his service-connected manifestations of gout, to include bilateral elbows, ankles, and wrists. 

The claims file and a copy of this Remand must be provided to and reviewed by the examiner in conjunction with the examination. 

The VA examiner is requested to identify all orthopedic pathology related to the Veteran's service-connected gout. All necessary tests, to include X-ray examinations and range of motion studies of the affected joints in degrees, should be conducted. The examiner should also identify whether the Veteran has additional functional loss from his gout disability due to pain, weakened movement, excess fatigability, or incoordination. See DeLuca v. Brown, 8 Vet. App. 202 (1995). 

A complete rationale should be provided for any opinion or conclusion expressed.

3. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998).

4. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be readjudicated. If the claim is not granted to the Veteran's satisfaction, a supplemental statement of the case must be provided to the Veteran and his representative, an adequate opportunity to respond must be provided, and the appeal must thereafter be returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).