http://www.va.gov/vetapp16/Files4/1630392.txt

Citation Nr: 1630392 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 12-29 728 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan

THE ISSUE

Entitlement to an increased rating in excess of 20 percent for diabetes mellitus, type II with erectile dysfunction.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

Catherine Cykowski, Counsel

INTRODUCTION

The Veteran had active service from September 1968 to September 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran is seeking an increased rating for his service-connected diabetes mellitus and erectile dysfunction. The Veteran's last examination for diabetes mellitus and erectile dysfunction was performed in March 2011. In a July 2016 brief, the Veteran's representative asserted that a remand is necessary to ascertain the current severity of the Veteran's symptomatology, in light of the time elapsed since the last examination. In a September 2012 VA Form 9, the Veteran indicated that his service-connected diabetes mellitus and erectile dysfunction had worsened. The Board finds that a new VA examination is warranted to ascertain the current severity of the Veteran's diabetes mellitus and erectile dysfunction. Green v. Derwinski, 1 Vet. App. 121, 124 (1991) (VA has a duty to provide a veteran with a thorough and contemporaneous medical examination).

The most recent VA treatment records in evidence are dated in August 2012. VA treatment records dated since August 2012 should be obtained and associated with the record. See Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. Obtain any VA outpatient treatment records dated since August 2012 and associate the records with the electronic record. 

2. Schedule the Veteran for a VA examination to assess the current severity of diabetes mellitus. The examiner must review the electronic claims file record. The examination report should indicate that the claims file was reviewed. All necessary tests and studies should be performed, and the examiner should describe in detail all symptomatology associated with diabetes mellitus. 

a. The examiner should indicate whether or not the Veteran's diabetes mellitus requires regulation of activities. Regulation of activities is defined as avoidance of strenuous occupational and recreational activities. The examiner is also asked to indicate if the Veteran's diabetes requires hospitalization, and the number of visits per month the Veteran is required to see a diabetic provider.

b. The examiner must also state whether the Veteran's diabetes mellitus causes any complications and, if so, the severity of such complications.

c. The examiner should describe the current severity of the Veteran's erectile dysfunction and should indicate whether there is loss of erectile power and penile deformity.

3. Following the completion of the requested development, readjudicate the claims in a SSOC. An appropriate period of time should be allowed for response before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).