http://www.va.gov/vetapp16/Files5/1639909.txt

Citation Nr: 1639909 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 07-11 245 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky

THE ISSUE

Entitlement to service connection for a respiratory disability, to include as a residual of the Veteran's in-service pneumonia.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

R. Dodd, Counsel

INTRODUCTION

The Veteran served on active duty from January 1966 to April 1966.

This matter comes before the Board of Veterans' Appeals (Board) from a January 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. The claims file was subsequently transferred to the RO in Louisville, Kentucky.

The Board denied the Veteran's claim for service connection for a respiratory disability in a January 2015 decision. Thereafter, the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In a July 2015 Joint Motion for Partial Remand (JMR), the Secretary of VA and the Veteran (the parties) moved the Court to vacate the January 2015 decision as to such issue. The Court granted the JMR in a July 2015 Order. The issue was returned to the Board for further consideration.

In September 2015, the Board requested the opinion of a medical specialist from the Veterans Health Administration (VHA). The Board received the requested opinion in November 2015. However, due to the requirement for additional testing, as indicated by the VHA medical specialist, the Board again remanded the Veteran's claim in March 2016. This claim is once again before the Board.

This appeal was processed using the Virtual VA/VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Although the Board regrets the additional delay, after a review of the record, further development is required prior to adjudicating the Veteran's claim.

Here, in March 2016, the Board previously remanded the Veteran's claim for a new VA examination to provide testing in compliance with a VHA opinion. It is noted that the Board received a VHA medical opinion from a pulmonologist in November 2015. At the conclusion of his report, he stated that:

[M]uch of the data is suboptimal and if felt necessary, some simple additional studies could potentially shed additional insight(s). These studies include a Hi-Resolution Chest CT (HRCT) to clearly determine evidence of scarring or emphysema or other condition; and full pulmonary functions tests, including lung volumes and DLCO [Diffusing capacity of the lungs for carbon monoxide].

The duty to assist includes providing additional testing or examinations recommended by a VA examiner. See Green v. Derwinski, 1 Vet. App. 121, 123-124 (1991); see also Daves v. Nicholson, 21 Vet App 46 (2007) (when VA's duty to provide a medical examination is triggered, this duty includes the requirement that it provide reasonable tests and other examinations necessary to render a meaningful medical opinion). In light of the November 2015 VHA pulmonologist's recommendations, the Veteran's claim was remanded for provision of those tests and a new opinion based on that additional information. Specifically, the Board requested for the VA examiner to provide new full pulmonary functions tests, including lung volumes and DLCO.

The Veteran was provided with a new VA examination and comprehensive opinion in April 2016. Notably, the VA examiner reported that the Veteran had two pulmonary functions tests that "were unable to be acceptable and reproducible due to his comprehension"; therefore, previous pulmonary functions tests were used to form the nexus medical opinion as the likelihood of accurate pulmonary functions tests on repeat testing a third time were very low. The Board has one follow-up question regarding the foregoing. 

Accordingly, the case is REMANDED for the following action:

1. Return the January 2016 VA examination report and medical opinion to Dr. W.M. for one follow-up question. In regard to the statement that the Veteran had two pulmonary functions tests that "were unable to be acceptable and reproducible due to his comprehension," Dr. W.M. is requested to please explain what is clinically meant by the tests were not able to be accurately performed due to "comprehension." This information is being requested as the Board must comply with legal precedent pertaining to medical opinions. 

2. After completing the above action, the claim must be readjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (CONTINUED ON NEXT PAGE)

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
TANYA SMITH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).