Citation Nr: 1714088 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 10-46 754 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for left knee patellofemoral syndrome (PFS).

2. Entitlement to an initial rating in excess of 10 percent for right knee patellofemoral syndrome (PFS).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

L. Nelson, Associate Counsel



INTRODUCTION

The Veteran served in the United States Marine Corps from October 2005 to October 2009 and is a recipient of the Combat Action Ribbon.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In a decision issued in September 2015, the Board granted, in pertinent part, separate 10 percent disability ratings for the Veteran's left and right knee PFS. The Veteran appealed that decision to the United States Court of Appeals for Veterans Claims (Court). In a March 2016 Order, the Court granted a Joint Motion for Partial Remand (JMR) and vacated and remanded the Board's September 2015 decision as to the issues of initial disability ratings greater than 10 percent for right and left PFS, for development consistent with the March 2016 JMR. In September 2016, the Board remanded the issues for additional development. The case is again before the Board for appellate consideration.

This appeal is REMANDED to the RO.


REMAND

In September 2016, the Board remanded this case for a medical examination, consistent with the March 2016 JMR. While additional delay is unfortunate, the Board finds a remand is required to afford the Veteran a new examination. 

As noted in Barr v. Nicholson, 21 Vet. App. 303, 311 (2007), once the VA provides an examination, it must be adequate. A medical opinion is considered adequate when it provides a sufficiently detailed description of the disability, so that the Board may make a fully informed evaluation. Green v. Derwinski, 1 Vet. App. 121, 124 (1991). At a minimum, a medical report must contain clear conclusions with supporting data for those conclusions. Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

Regrettably, the September 2016 VA examination report is inadequate because it does not comply with the Board's specific remand directives. The second directive of the Board's remand expressly asked the examiner to assess the severity of the Veteran's bilateral knee PFS disability. Specifically, the examiner was to address, among other things, the existence, extent, severity and impact of the Veteran's flare-ups. This was not done. The examiner noted that the Veteran had reported that flare-ups caused pain and stiffness in his knees. However, the examiner did not address the critical issue of the existence, extent, severity, and impact, as well as the frequency and duration, of flare-ups on the Veteran.

Additionally, the Court has recently determined in Correia v. McDonald, 28 Vet. App. 158 (2016), that the final sentence of 38 C.F.R. § 4.59 requires VA examinations to include range of motion joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. The September 2016 examination report does not contain Correia compliant testing. 

Based on the foregoing, a remand is necessary to obtain a VA examination which complies with the previous remand directives and the required testing described in Correia.

Accordingly, the case is REMANDED to the RO for the following action:


1. Obtain any outstanding medical records pertinent to the Veteran's claim, to include all VA treatment records dated from September 2016 to the present.

2. Afford the Veteran a VA examination by an examiner with sufficient expertise to fully assess the severity of the Veteran's bilateral knee disabilities. All pertinent evidence of record should be made available to and reviewed by the examiner. All necessary diagnostic testing and evaluation must be performed.
The examiner should elicit from the Veteran, and record in the examination report, the existence, extent, frequency, duration, severity, and impact of the Veteran's flare-ups.

The examiner should provide all information required for rating purposes, to specifically include both active and passive range of motion testing, as well as weight-bearing and nonweight-bearing range of motion assessments. See Correia v. McDonald, 28 Vet. App. 158 (2016)

The examiner must also indicate the extent to which the Veteran's knees' range of motion is further decreased following repetitive use testing, including as a result of pain and weakness.

If the examiner is unable to conduct any of the required range of motion testing, or concludes that such testing is unnecessary, he or she should clearly explain why that is so.

The examiner is specifically asked to opine as to whether pain could significantly limit functional ability during a flare-up or as a result of repetitive use, and express any such loss of function in terms of degrees of additional loss of range of motion; or explain why such opinion is not feasible. 

The examiner must provide explanatory rationale for all opinions expressed, if necessary, citing to specific evidence in the file supporting the conclusions. If the examiner is unable to provide any requested opinion without resorting to mere speculation, he or she must explain why this is so.

3. The RO must notify the Veteran that it is his responsibility to report for the examination and to cooperate in the development of the claims, and that the consequences for failing to report for a VA examination without good cause may include denial of a claim. 38 C.F.R. §§ 3.158, 3.655 (2016). In the event that the Veteran does not report for any scheduled examination, documentation showing that he was properly notified of the examination must be associated with the record.

4. The RO must review the examination report to ensure compliance with the Board's specific remand directives. If the examination report is inadequate, corrective action must be taken at once.

5. Then, the RO should readjudicate the Veteran's claims. If any benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative must be provided a Supplemental Statement of the Case and be given an adequate opportunity to respond. Thereafter, the case should be returned to the Board for further appellate action.


The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
L. M. BARNARD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).