Citation Nr: 1725249 
Decision Date: 06/15/17 Archive Date: 07/17/17

DOCKET NO. 13-20 882 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUE

Entitlement to an initial compensable rating for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

M. Mac, Counsel



INTRODUCTION

The Veteran served on active duty from July 1962 to March 1966. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2012 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). This appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board regrets the additional delay, but finds that further development is necessary before a decision regarding the issue on appeal is made. The Veteran was last afforded a VA hearing loss examination with audiometric findings in January 2012. Although the Veteran has not specifically asserted that his service-connected bilateral hearing loss has increased in severity since that last examination, the fact remains that the findings provided by the January 2012 VA examination are well over five years old, and, as such, are stale. Consequently, the Board finds that a more current examination is necessary. Green v. Derwinski, 1 Vet. App. 121 (1991) (VA has a duty to provide the Veteran with a thorough and contemporaneous medical examination); Caffrey v. Brown, 6 Vet. App. 377 (1994) (determining that the Board should have ordered a contemporaneous examination of the Veteran because a 23-month-old examination was too remote in time to support adequately the decision in an appeal for an increased rating). In this regard, the Board agrees with the Veteran's representative's December 2016 brief that, as the Veteran's last VA examination is over 5 years old, the issue should be remanded for a current examination of the Veteran's bilateral hearing loss. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran, and, with his assistance, identify any outstanding records of pertinent medical treatment from VA or private health care providers. With the Veteran's assistance obtain copies of any pertinent records and add them to the claims file. Follow the procedures for obtaining the records set forth by 38 C.F.R. § 3.159(c). If VA attempts to obtain any outstanding records which are unavailable, the Veteran should be notified in accordance with 38 C.F.R. § 3.159(e).

2. Afterwards, schedule the Veteran for a VA audiology examination to determine the current severity of his service-connected bilateral hearing loss. The Veteran's claims folder must be made available to the examiner for review in connection with the examination. 

The examiner must utilize the appropriate Disability Benefits Questionnaire. The examination of hearing impairment should be conducted without the use of hearing aids. The examination must include a controlled speech discrimination test (Maryland CNC) and a pure tone audiometry test. For each ear, pure tone audiometric thresholds, in decibels, should be recorded for each of the frequencies of 1,000, 2,000, 3,000 and 4,000 Hertz, as well as controlled speech discrimination testing (Maryland CNC) (reported in percentages of discrimination). The examiner is asked to describe the functional effects of the Veteran's bilateral hearing loss, including on his occupational functioning and daily activities.

3. Then, readjudicate the claim for an initial compensable rating for bilateral hearing loss. If this issue is not granted to the Veteran's satisfaction, he and his representative should be furnished a Supplemental Statement of the Case and should be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 
No action is required of the Veteran until he is notified by VA. However, he is advised of his obligation to cooperate in ensuring that the duty to assist is satisfied. Kowalski v. Nicholson, 19 Vet. App. 171 (2005); Wood v. Derwinski, 1 Vet. App. 190 (1991). His failure to help procure treatment records, and his failure to report for a scheduled VA examination, may impact the determination made. 38 C.F.R. § 3.655 (2016). The Veteran also is advised that he has the right to submit additional evidence and argument, whether himself or through his representative, with respect to this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999). It must be afforded prompt treatment. The law indeed requires that all remands by the Board or the United States Court of Appeals for Veterans Claims (Court) be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 




_________________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals

Only a decision of the Board is appealable to the Court. 38 U.S.C.A. § 7252 (West 2014). This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).