Citation Nr: 1736707 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-35 674 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a back disability, claimed as scoliosis.


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran, A.P., and T.P.


ATTORNEY FOR THE BOARD

Robert Batten, Associate Counsel


INTRODUCTION


The Veteran served on active duty from March 1963 to October 1964.

This case comes to the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois via the RO in St. Louis, Missouri. 

A videoconference hearing was held in May 2013 before the undersigned Veterans Law Judge (VLJ); and a transcript of this hearing is of record.

The Board remanded this appeal for additional development in December 2013 and June 2016 and the case was subsequently returned to the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration.

In June 2016, the Board remanded this case for an addendum opinion to determine whether the Veteran's scoliosis of the thoracic spine is a congenital disease (capable of improvement or deterioration) or a defect (a static condition which is incapable of improvement or deterioration). The Board notes that it directed the examiner to provide a rationale for any opinion expressed. In a September 2016 addendum opinion, the examiner opined that the Veteran has a congenital or developmental defect. In March 2017, another addendum medical opinion was provided. The examiner stated that the Veteran has a defect, and therefore, would not be aggravated by his time in service nor would it be caused by his time in the service. The Board finds that these two medical opinions are not adequate for adjudication. 

The Board finds the examiner's opinions that Veteran's scoliosis of the thoracic spine is conclusory and not supported by any rationale. In Stefl v. Nicholson, the United States Court of Appeals for Veterans Claims (CAVC) noted that a medical opinion must contain not only clear conclusions with supporting data, but also a reasoned explanation connecting the two. 21 Vet. App. 120, 124 (2007). The September 2016 addendum opinion contained no rationale to the opinion that the Veteran's scoliosis is a congenital defect. The March 2017 addendum opinion reasoned that the Veteran's claimed condition was a defect and would not be caused or aggravated by service, which is not a rationale. The examiner did not provide supporting data or a reasoned explanation for why the Veteran's scoliosis is considered a defect. Therefore, since the addendum opinions did not provide a clear rationale the Board finds that the opinions are inadequate for adjudication. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (noting that once the Secretary undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, he must provide an adequate one); see also Daves v. Nicholson, 21 Vet. App. 46, 51 (2007), citing Green v. Derwinski, 1 Vet. App. 121, 123-124 (1991); Bowling v. Principi, 15 Vet. App. 1, 12 (2001) (emphasizing the Board's duty to return an inadequate examination report "if further evidence or clarification of the evidence ... is essential for a proper appellate decision"); see also 38 C.F.R. § 4.2 (2016) (noting that if the examination report does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes).

Further, the Board notes that the examiner in the September 2016 and March 2017 did not address the Veteran's private physician's January 2014 opinion that walking with full pack on hard or gravel roads could have aggravated the Veteran's scoliosis. Thus a remand is warranted. 


Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum medical opinion from the VA examiner who provided the September 2016 and March 2017 VA medical opinion as to the claimed back disability. If that examiner is unavailable, the requested opinion should be obtained from a qualified medical provider. The Veteran's claims file should be made available to and reviewed by the examiner. The examiner must respond to the following questions:

(a) Is a current back disability due to any disease or injury that occurred in service and was superimposed on the Veteran's preexisting scoliosis? The examiner must provide a full rationale for why the Veteran's scoliosis is considered a congenital or developmental defect as indicated in the prior opinions, and why there was, or was not, a superimposed disease or injury in service that resulted in a current back disability including addressing the Veteran's private physician's January 2014 opinion that walking with full pack on hard or gravel roads could have aggravated the Veteran's scoliosis.

2. Next, review the medical opinion report obtained to ensure that the remand directives have been accomplished, and return the case to the examiner if all questions posed are not answered or do not contain a complete rationale for the medical opinions proffered.

3. Finally, readjudicate the claim on appeal. If the claim remains denied, provide the Veteran and his representative with a Supplemental Statement of the Case and allow an appropriate time for response.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).