﻿Citation Nr: 18115450
Decision Date: 07/03/18 Archive Date: 07/02/18

DOCKET NO. 14-29 929
DATE: July 3, 2018
REMANDED
The claim for service connection for hypertension is remanded. 
The claim for an initial rating in excess of 20 percent for right shoulder impingement syndrome is remanded. 
The claim for an initial rating in excess of 20 percent for cervical spine degenerative disc disease with muscle spasm prior to August 7, 2012, and in excess of 30 percent thereafter is remanded.
The claim for an initial rating in excess of 10 percent for right knee degenerative joint disease is remanded.
The claim for an initial rating in excess of 10 percent for chronic sinusitis with headaches is remanded.
The clam for a compensable initial rating for perianal scar status post abscess is remanded. 
REASONS FOR REMAND
First with respect to the claim for service connection for hypertension, the December 2016 Board of Veterans’ Appeals (Board) remand requested that the Veteran be afforded a VA examination that included an opinion as to whether hypertension that pre-existed the Veteran’s second period of active duty from July 2009 to May 2010 was aggravated by such service. See e.g., July 10, 2009, service treatment record (STR), five days after entrance to active duty, referencing a history of medication for hypertension and May 12, 2010, STR noting a history of hypertension since 2008. The remand requested that the examiner utilize a differing standard of proof based on whether or not an entrance examination conducted prior to the Veteran’s period of active duty from July 2009 to May 2010—also requested to be obtained in this remand—noted the presence of hypertension or whether an entrance examination was not obtained upon remand. 
Following the December 2016 remand, efforts by the Agency of Original Jurisdiction (AOJ) to obtain any entrance examination conducted prior to the Veteran’s period of active duty from July 2009 to May 2010 did not yield positive results. See October 31, 2017, Memorandum formally finding that no additional STRs were available. Thus, as the record does not reflect that the Veteran was provided with an entrance examination prior to his second period of service from July 2009 to May 2010, the presumption of soundness does not apply for this period of service. See Smith v. Shinseki, 24 Vet. App. 40 (2010) (stating that “[p]lainly, [38 U.S.C. § 1111] requires that there be an examination prior to entry into the period of service on which the claim is based . . . In the absence of such an examination, there is no basis from which to determine whether the claimant was in sound condition upon entry into that period of service on which the claim is based”).
The opinion following the May 2017 VA examination addressing the claim for service connection for hypertension conducted pursuant to the December 2016 remand did not, as requested in this remand, address the matter of whether hypertension was aggravated by service. In addition, this opinion included the inaccurate rationale that hypertension was not shown on any STRs. As such, the AOJ will be directed to obtain an addendum opinion from the December 2016 examiner that includes an opinion based upon adequate rationale—to include the fact that the STRs from this period of service do reflect treatment for hypertension—as to whether the Veteran’s hypertension was aggravated by his period of active duty from July 2009 to May 2010. Stegall v. West, 11 Vet. App. 268 (1998) (standing for the proposition that the Board is required to insure compliance with the instructions of it remands); Barr v. Nicholson, 21 Vet. App. 303, 307 (2007) (holding that once VA undertakes the effort to provide an examination, it must provide an adequate one). 
With the respect to the claims for increased initial ratings for the service connected right shoulder, cervical spine, and right knee disorders on appeal, the December 2016 remand requested that Veteran be afforded VA examinations to address these disabilities that complied with the holding in Correia v. McDonald, 28 Vet. App. 158 (2016). While the May 2017 VA examinations addressing these disabilities following the December 2016 remand document consideration of Correia, they do not reflect range of motion findings described in terms of active versus passive motion and weight-bearing versus non-weight-bearing. Moreover, these examinations do not address the degree of disability during flare-ups in the manner mandated by Sharp v. Shulkin, 29 Vet. App. 26 (2017). As such, the AOJ upon remand will be requested to afford the Veteran VA examinations to assess the severity of the Veteran’s service connected right shoulder, cervical spine, and right knee disorders that contain the complete findings required by Correia and Sharp. Barr, supra. 
With respect to the claims for increased initial ratings for chronic sinusitis with headaches and a perianal scar status post abscess, as set forth in the body of the December 2016 remand, the Veteran was last afforded VA examinations to address these disabilities in 2012. Given the complaints of worsening symptoms since the 2012 examinations, the body of the December 2016 remand found that VA examinations were required to address these disabilities [the “action paragraphs” following the body of this remand did not request that the AOJ provide such examinations]. The Veteran was ultimately not afforded VA examinations to address these disabilities following the December 2016 remand; therefore, the AOJ will be directed below to afford the Veteran VA examinations to address the claims for increased initial ratings for chronic sinusitis with headaches and a perianal scar status post abscess so as to fulfill the duty to assist with respect to these claims. See Green v. Derwinski, 1 Vet. App. 121, 124 (1991) (VA has a duty to provide the Veteran with a thorough and contemporaneous medical examination).
For the reasons stated above, this case is REMANDED for the following action: 
1. The electronic record should be made available to the clinician who conducted the May 2017 VA examination, or a suitable substitute if this clinician is not available, who is to render an opinion as follows: 
Is it at least as likely as not (a 50 percent probability or greater) that the underlying pathology associated the Veteran’s hypertension was worsened by his second period of active duty from July 2009 to May 2010, to include as a result of the medication modification noted on STRs dated July 10, 2009? 
A complete rationale should be provided for the opinion that reflects the fact that treatment for hypertension, to include with medication, was demonstrated during the period of duty in question. 
2. Arrange for VA examinations to determine the severity of the Veteran’s service-connected right shoulder, cervical spine, and right knee disorders on appeal. The electronic record should be made available to each examiner. Range of motion results in active motion, passive motion, weight-bearing, and non-weight-bearing for each shoulder, the cervical spine, and each knee should be accomplished. If the examiner is unable to conduct such testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. Each examiner should note when pain starts on motion. 
Each examiner must also address functional impairment, if any, during flare-ups. The frequency and intensity of each flare up must be described. The range of motion lost during a period of flare-up or over-use must be indicated in degrees. If the examination occurs when a flare-up is not being experienced, or at a time without repeated use over a period of time, each examiner must ascertain adequate information, such as frequency, duration, characteristics, severity, or functional loss regarding the Veteran’s flares by alternative means and estimate the Veteran’s functional loss due to flares or repeated use based on all the evidence of record.
3. Arrange for VA examinations to determine the severity of the Veteran’s service connected chronic sinusitis with headaches and a perianal scar status post abscess. The electronic record should be made available to each examiner, and findings should be reported in accord with the pertinent criteria described by the VA Schedule for Rating Disabilities. 
4. After completion of the above and any other warranted development, the AOJ should re-adjudicate the claims that have been remanded. If a benefit sought on appeal remains denied, the AOJ shall issue an appropriate supplemental statement of the case. 

 
MARJORIE A. AUER
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD J. Andrew Ahlberg, Counsel